IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:05CR252 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ABEL LINARES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 149) filed by the Defendant, Abel Linares.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BASIS**

The Defendant pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute methamphetamine, a mixture or substance containing methamphetamine, and a mixture or substance containing cocaine.  (Filing No. 84.)  He was sentenced to 210 months imprisonment.  (Filing No. 117.)  The plea agreement included the following paragraph, which was crossed out:

> The United States submits Abel Linares directed the activities of co-Defendants, Jackie Garcia and Jaime Guitron, in as far as their participation in drug deliveries and receipt of drug proceeds.  For that reason, the United States submits Abel Linares should receive a two-level enhancement pursuant to Section 3B1.1(2) of the United States Sentencing Guidelines.

(Filing No. 84, ¶ 7.)

The parties, including the Defendant, initialed the change in the plea agreement. (*Id.*)  At the change of plea hearing, defense counsel described the manner in which he and Linares reviewed the plea agreement specifically with respect to ¶ 7:

> Mr. Bracker:  . . . .  The significant change in the plea agreement is we scratched through paragraph 7.  He wrote "no" and we initialed it.  We are – and paragraph 7 refers to whether or not he is a supervisor.  We're not agreeing that is or is not a supervisor.

(Filing No. 88, at 17.)

Also at the change of plea hearing, the government's attorney added:

> Ms. Svoboda: Mr. Bracker told you just a few minutes ago that we crossed out paragraph 7 of the plea agreement.  We don't have a meeting of the minds on whether or not Mr. Linares should get an enhanced rule [sic] – or should get an enhancement for a supervisory role. . . . [W]e have reserved that issue for sentencing, basically, Judge, and maybe by the time of sentencing we'll have it worked out.

(*Id.* at 19-20.)

Following Ms. Svoboda's comments, Magistrate Judge F.A. Gossett discussed ¶ 7 with Linares:

> Q. Do you understand that paragraph No. 7 is no longer in the document?
> A. That is correct.
> Q. So the paragraphs haven't been renumbered, but there is just no No. 7.
> A. Yes.
> Q. And that area is still at issue, correct?
> A. Yes, sir.

(*Id.* at 22.)

The PSR included a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for Linares's role as "a manager or supervisor (but not an organizer)" of criminal activity that involved five or more participants or was otherwise extensive.  (Filing No. 124, ¶ 80.)  The

Defendant objected to the role adjustment, and the issue was heard at sentencing. (Filing Nos. 95, 103.) The result was that a two-level enhancement was applied pursuant to U.S.S.G. § 3B1.1(c) for Linares's role as an organizer, leader, manager, or supervisor. (*See* Filing No. 118.)

In his § 2255 motion, Linares raises a single issue, arguing that his counsel was ineffective for not enforcing the plea agreement. Linares reasons that although the role enhancement was deleted from the plea agreement, it "reappeared in the PSR and sentence." (Filing No. 149.)

## DISCUSSION

In order to establish ineffective assistance of counsel, Linares must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

Given the events surrounding the deletion of ¶ 7 of the plea agreement and the Defendant's statement under oath that he understood that the parties had no agreement as to the issue of his role in the offense, Linares cannot prove either prong of the *Strickland* test.

**CONCLUSION**

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 149);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 149) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 15th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge