IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ABEL LINARES,<br><br>      Defendant. | 8:05-CR-252<br><br>**ORDER** |

  This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release, Filing 189. For the reasons stated below, Defendant's motion is denied.

  Defendant Abel Linares pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), 500 grams or more of methamphetamine (mixture), and 500 grams or more of cocaine (mixture) on January 18, 2006. Filing 85. Judge Laurie Smith Camp[1] sentenced Mr. Linares to 210 months of incarceration, followed by 5 years of supervised release. Filing 117. The Court subsequently granted Mr. Linares a sentence reduction to 168 months' incarceration pursuant to a retroactive change in the sentencing guidelines. Filing 183. Mr. Linares's term of supervised release began January 18, 2019. Filing 186.

  The U. S. Probation Officer assigned to his case has reported to the Court that Mr. Linares has complied with conditions of release to date and has expressed support for his request for early termination of his supervision. The Assistant United States Attorney assigned to Mr. Linares's case, however, objects to early termination of his term of supervision, noting his leadership role in a sophisticated drug trafficking organization.

---

[1] This case was reassigned to the undersigned following the untimely passing of Senior Judge Laurie Smith Camp. Filing 190.

1

While the Court applauds Mr. Linares's progress in rejoining society thus far, it cannot overlook the fact that his was an aggravated role in a serious drug conspiracy. See Filing 124 at 16. The quantity of drugs Mr. Linares was involved with and his leadership role in the organization are significant sources of hesitation for the Court. Mr. Linares's term of supervised release is a significant part of his already low-end guideline sentence and is aimed in part at assuring public safety as well as the Mr. Linares's continued successful reentry to society. See Filing 124; Filing 183.

In making its determination, the Court has considered the factors outlined in 18 U.S.C. § 3553(a), including the need for deterrence, to protect the public, to reflect the seriousness of Mr. Linares's offense and to promote respect for the law, and to avoid unwarranted sentencing disparities. The Court finds that early termination at this time would significantly reduce the deterrent value of Mr. Linares's sentence and would fail to reflect the seriousness of his crime. Further, given the needs to protect the public, to promote respect for the law, and to avoid unwarranted disparities, the Court finds Mr. Linares should serve the entirety of his term of supervised release. The Court's consideration of the factors set forth in 18 U.S.C. § 3553(a) do not allow it to grant Mr. Linares's request. Accordingly,

IT IS ORDERED:

1. Defendant's Motion for Early Termination of Supervised Release, Filing 189, is denied.

Dated this 23rd day of February, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge